IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAQUIZE L. MCMATH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11–cv–0881–DRH–SCW |
| | ) | |
| MICHAEL ATCHISON, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.     Introduction

This matter has been referred to the United States Magistrate Judge Stephen C. Williams by United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether the Petition for habeas corpus should be granted.  After a two-day trial on June 4th and 5th, 2007, a jury found Petitioner guilty of first degree murder in the shooting death of Larry Townsend.  Petitioner received a thirty-two year sentence and is currently serving his term at Menard Correctional Center.  On September 28, 2011, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He raised two different grounds for relief: 1) trial counsel was ineffective for failing to call two alibi witnesses and three eyewitnesses; 2) Illinois' procedure for post-conviction relief is inadequate and violates his due process.  An Answer is on file, with supporting exhibits (Doc. 21).  Petitioner has filed a "Traverse" to Respondent's Answer (Doc. 25), which is construed as a Reply, thus making this Motion ripe for disposition.   For the following reasons, the undersigned **RECOMMENDS** that Petitioner LaQuize McMath's Petition for Habeas Corpus (Doc. 1) be **DENIED.**

1

## II.    Factual & Procedural Background

Federal courts must presume that the state court's factual determinations are correct in the absence of clear and convincing evidence to the contrary.  **28 U.S.C. § 2254(e);** *Badelle v. Correll*, **452 F.3d 648, 659 (7th Cir. 2006).**   The following factual background relating to the instant petition has been taken from the Rule 23 unpublished decision rendered by the Illinois Fifth District Appellate Court on April 25, 2008 denying Petitioner's direct appeal (Case No. 05-07-0496) (Doc. 21-1); and from the appellate court's Rule 23 order rendered on December 3, 2010 (Case No. 05-09-0296 & 05-09-0546) (Doc. 21-10) affirming the trial court's finding on Petitioner's motion for post-conviction relief.

### A.   Trial & Sentencing

A jury found Petitioner guilty in the circuit court of St. Clair County of one count of first degree murder. (Doc. 21-1, p. 1).  The State accused Petitioner of the May 8, 2006 shooting death of Larry Townsend.  (Doc. 21-1, p. 1).  Townsend was part of a group of people hanging out near a public housing project in Centreville, Illinois.  Terrance Wells testified at trial that Petitioner pulled a handgun, and told everyone to move back.  (Doc. 21-1, p. 1).  He then filed a warning shot into the ground, told Townsend he had until the count of 10 to leave, and started counting.  (Doc. 21-1, p. 1).  He fired several more shoots and Townsend fled.  (Doc. 21-1, p. 1).  Gary Bailey testified that he took off running when Petitioner started to count.  (Doc. 21-1, p. 1).  He soon saw Townsend running in the same direction.  (Doc. 21-1, p. 1).  Townsend said he had been hit.  (Doc. 21-1, p. 2).  Townsend later died of a gunshot wound to the back.  (Doc. 21-1, p. 2).   Petitioner testified that he had been visiting his brother in St. Louis, Missouri, at the time of the murder.  (Doc. 21-1, p. 2).  He called no other witnesses.  (Doc. 21-1, p. 2).

After the verdict, Petitioner filed a pro-se motion for a new trial, alleging that his appointed counsel was ineffective, because he failed to call either an alibi witness or three other eye-

witnesses that Petitioner claims would have exonerated him.  (Doc. 21-1, p. 2).  At sentencing, the

trial court took up this Motion, questioned trial counsel, and found that the failure to call these

witnesses amounted to a matter of trial strategy and that trial counsel was not ineffective.  (Doc. 21-

1, p. 2).  Petitioner appealed.

### B.  Direct Appeal

On direct appeal, Petitioner continued to argue that his appointed counsel should

have called his additional four witnesses to the stand.  (Doc. 21-1, p.2).  The appellate court affirmed

the conviction and sentence. (Doc. 21-1, p.3).  The appellate court specifically found:

> A complete review of the record in this case reveals that the defendant has failed to
> establish either prong of the *Strickland* test.  The defendant was required to show that
> his trial counsel's performance was deficient and that as a result, there is a reasonable
> probability that he was prejudiced to the point that it affected the jury's verdict.  At
> best, the defendant's argument is grounded on conclusory and speculative
> allegations.  These decisions regarding what witnesses to call cannot support a claim
> of ineffective assistance of counsel. . . .In the case at bar, trial counsel surmised that
> calling the defendant's brother, Shaun Kyles, would be a "risky proposition," and
> counsel chose not to subpoena him.  This was clearly a matter of strategy.  The other
> three potential witnesses, according to trial counsel, could not be located.
> Furthermore, there is nothing in the record by way of affidavits or posttrial motion
> testimony for this court to determine whether the proposed witnesses could have
> provided any information or testimony favorable to the defendant, therefore the
> second prong of *Strickland* cannot be met.  Accordingly, the defendant's claim of
> ineffective assistance of counsel is without merit.  (Doc. 21-1, p. 3) (internal citations
> omitted).

Petitioner filed a Petition for Leave to File a Late Petition for Leave to Appeal on July 16, 2008.

(Doc. 21-4).  The Illinois Supreme Court denied the petition on November 26, 2008.  (Doc. 21-5).

### C.  Petition for State Postconviction Relief

On May 22, 2009, Petitioner filed a pro-se petition for post-conviction relief at the

state court level.  (Doc. 21-6, pp. 270-85).    Petitioner provided an affidavit from his mother

regarding her prospective testimony.  The trial court found the petition meritless and frivolous.

(Doc. 21-10, p. 2) (Doc. 21-6, pp. 287-88).  Specifically, Judge Baricevic found "The petitioner

provided his alibi, but witnesses to support that alibi were not.  The defense attorney advised that to

do so would be risky.  The other witnesses could not be found.  The affidavit of the mother is not specific as to time.  The affidavit does not preclude the defendant from having had the opportunity to commit this crime between his mother's visits."  (Doc. 21-6, p. 288).  On appeal, Petitioner claimed that trial counsel was ineffective for not calling his mother to the stand to corroborate his alibi.  (Doc. 21-10, p. 3).  He also made a claim that both trial counsel and appellate counsel were ineffective because neither of them challenged an allegedly erroneous jury instruction regarding the credibility of eye witness testimony.  (Doc. 21-10, p. 3).

The appellate court also rejected Plaintiff's post-conviction appeal because they found that Petitioner forfeited his claims of ineffective assistance of trial counsel as to failure to call his mother by not raising them on direct appeal.  (Doc. 21-10, p. 3)  They noted that a petition for post-conviction relief only allows the appellate court to consider constitutional issues that were unavailable claims on direct appeal.  (Doc. 21-10, p. 3).  If the issue could have been raised on direct appeal, it is forfeited on postconviction relief.  (Doc. 21-10, p. 3).  Specifically, the appellate court found "the defendant has not alleged facts in the petition or in his supporting affidavit that would excuse his failure to raise, in his direct appeal, any of the issues raised in the petition." (Doc. 21-10, p.4).  The appellate court found, therefore, that Petitioner had forfeited his claim regarding trial counsel's failure to call his mother as a witness because this claim could have been raised on direct appeal and did not fall under one of the three exceptions that Illinois courts have carved out of the forfeiture doctrine.  (Doc. 21-10, p. 4).

On September 28, 2011, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).  Respondent filed a response on September 28, 2012. (Doc. 21)  Petitioner filed a Reply (which he titled a "Traverse") on November 28, 2012.  (Doc. 25). Having thoroughly reviewed the record, the undersigned **RECOMMENDS** that the Court **DENY** LaQuize McMath's petition for habeas corpus relief.

### III.   <u>Analysis</u>

Section 2254 permits federal courts to entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." **28 U.S.C. § 2254(a) (emphasis added)**.

But as a threshold matter, a habeas petition shall not be granted unless the applicant has exhausted his State court remedies.   **28 U.S.C. § 2254(b)(1)(A).** Inherent in a petitioner's obligation to exhaust his state court remedies is the duty to fairly present his federal claims to the state courts. ***Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).** Fair presentment requires the petitioner to assert his federal claim through one complete round of state-court review, ***id.***, and contemplates that both the controlling legal principles and the operative facts must be submitted to the state courts. ***Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001)**.   Determining whether a petitioner fairly presented his claims requires examining the arguments in his state appellate briefs. ***See Malone v. Walls*, 538 F.3d 744, 753–54 (7th Cir. 2008) (citing *Dye v. Hofbauer*, 546 U.S. 1, 3–4 (2005))**.

Closely related to the exhaustion doctrine is the doctrine of procedural default. ***Perrequet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).** When a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court, and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim.   ***Id.***   The doctrine of procedural default is subject to two equitable exceptions: a procedural default will bar a federal court from granting habeas relief unless (1) the petitioner demonstrates cause for the default and prejudice resulting therefrom, or (2) he convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits. ***Badelle v. Correll*, 452 F.3d 648, 661 (7th Cir. 2006); *Perrequet*, 390 F.3d at 514.**

### A.  Procedural Default – Failure to Call Petitioner's Mother

The undersigned has thoroughly examined Petitioner's briefs from his direct appeal and from his indirect appeal.  Defendant argues that, as to the claim of ineffective assistance of counsel, Petitioner is procedurally defaulted from raising the failure to call his mother to the stand. Petitioner originally raised his claim for ineffective assistance of counsel by filing a pro-se Motion for a New Trial while he was still represented by the very counsel whose competence he contested. The court then took up that Motion without prior notice during Petitioner's sentencing hearing. The court allowed Petitioner's appointed counsel to represent him at that hearing, as well as questioning him about his strategic choices.  Contrary to the assertion of the appellate court, Petitioner included allegations in his Motion for a New Trial that his mother picked him up and dropped him off in St. Louis, Missouri, during the time of the crime.  (Doc. 21-6, p.95).  Although his mother was present and testified at his sentencing, neither the Judge nor Petitioner's appointed counsel asked her about what her testimony at trial would have been, and therefore the record is completely silent on that point. ***Cf. People v. Blair*, 215 Ill.2d 427, 455 (2005) (holding that petitioner's claim was forfeited because the trial record contained ample evidence of his drug and alcohol use prior to the crime, and therefore these issues were available to him on appeal)**.  As Petitioner was still represented by counsel, he did not have an opportunity to develop the record as to his mother's testimony.  The resulting record contained no indication of what she would say on that issue, and the trial court never issued any findings as to her as a potential witness on direct appeal. ***See People v. Hunter*, 2013 IL App. (1st) 113194-U, 2013 WL 6456375 (Ill. App. Ct. 1st Dist. December 6, 2013) (unpublished opinion) (rejecting a procedural bar because the trial court never considered the merits of petitioner's claims)**.  This is inconsistent with the appellate court's insistence on post-conviction that Petitioner could have raised the issue on direct appeal. (Doc. 21-10, p. 4). During the interim between the two appeals, Petitioner was able to

6

secure an affidavit from his mother regarding her proposed testimony. For that reason, rather than finding that Petitioner defaulted his claim, the undersigned believes that it is better to address Plaintiff's claim that his trial attorney should have called his mother to the stand under the *Strickland* analysis, as the trial court did on post-conviction relief.

### B.  Petitioner's Other Claims

The authority of federal courts to issue habeas corpus relief for persons in State custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). ***Harrington v. Richter***, **131 S.Ct. 770, 783 (U.S. 2011).** While § 2254 does not impose a complete bar on federal court relitigation of claims already rejected in state proceedings, the hurdle is a high one. ***Id.* at 786.** A court cannot grant a writ to a petitioner in State custody "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

**28 U.S.C. § 2254(d)**. ***Accord Malone v. Walls***, **538 F.3d 744, 757 (7th Cir. 2008)**.

Under the "contrary to" clause, a writ may be issued only if the state court applied a rule that contradicts the governing law set forth by the Supreme Court or if the state court reached a different outcome based on facts materially indistinguishable from those previously before the Supreme Court. ***Morgan v. Hardy***, **662 F.3d 790, 797 (7th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).** Under the "unreasonable application" clause, a federal court may grant relief if the state court identifies the correct governing legal principle from Supreme Court precedent, but unreasonably extends it (or refuses to extend it to a new context where it should apply). ***Resendez v. Smith***, **692 F.3d 623, 626 (7th Cir. 2012)**; ***Morgan***, **662 F.3d at 797.** And

7

factual findings made by both the state trial court and the appellate court reviewing the trial record are presumed to be correct unless the petitioner rebuts the presumption by clear and convincing evidence. ***Ben-Yisrayl v. Buss***, **540 F.3d 542, 546 (7th Cir. 2008).**

On habeas review, a federal court should treat a state court's decision with "deference and latitude." ***Harrington***, **131 S.Ct. at 785.** The inquiry is not whether the state applied federal law incorrectly, but rather whether the state court applied federal law unreasonably. ***Id.* (citing *Williams v. Taylor***, **529 U.S. 362, 410 (2000)).** A state court's determination that a claim lacks merit therefore precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision. ***Harrington***, **131 S.Ct. at 785 (citing *Yarborough v. Alvarado***, **541 U.S. 652, 664 (2004).** Section 2254(d) does not require a state court to give reasons before its decision can be deemed "adjudicated on the merits." ***Harrington***, **131 S.Ct. at 785.** It may be presumed, when the state court has denied relief on a presented federal claim, that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. ***Id. See also Johnson v. Williams***, **133 S.Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted.").** When the presumption applies, courts must determine what arguments or theories could have supported the state court's decision. ***Id.* at 786; *Eichwedel v. Chandler***, **696 F.3d 660, 672 (7th Cir. 2012).** On a § 2254 petition, federal courts assess the decision of the last state court to rule on the merits of a prisoner's claim. ***Franklin v. Sims***, **538 F.3d 661, 664 (7th Cir. 2008).** If a claim was not adjudicated on the merits by a state court, federal courts must dispose of the matter as law and justice require. **28 U.S.C. § 2243; *Eichwedel***, **696 F.3d at 671.**

### 1.  Failure to Call Two Alibi Witnesses and Three Eyewitnesses

Petitioner raises an ineffective assistance of trial counsel claim. The Supreme Court set forth a two-part test to evaluate ineffective assistance of counsel claims in *Strickland v. Washington*. **466 U.S. 668 (1984)**. A person challenging a conviction on ineffective assistance of counsel grounds must show 1) his counsel's performance was objectively unreasonable or deficient and 2) he suffered prejudice, meaning, but for his unprofessional counsel's errors, he would have achieved a different result. *Id.* **at 688, 694**. Counsel's errors will not rise to the level of ineffective assistance of counsel absent a showing on the *Strickland* prongs. ***Burt v. Titlow*, 134 S.Ct. 10, 18 (U.S. 2013) ("[T]he Sixth Amendment does not guarantee the right to perfect counsel…").** As to the prejudice prong, a court must be convinced that it is "reasonably likely" the result would have been different, not whether counsel's performance had any effect on the trial. ***Harrington v. Richter*, 131 S.Ct 770, 791-92 (U.S. 2011) ("The likelihood of a different result must be substantial, not just conceivable.")**. A court may dispose of the *Strickland* issue by considering either prong of the analysis. ***Atkins v. Zenk*, 667 F.3d 939, 946 (7th Cir. 2012)**. Additionally, under AEDPA, the habeas court must defer to the state court's determination that an attorney rendered effective assistance unless that determination violates clearly established Supreme Court precedent. ***Harrington v. Richter*, 131 S.Ct. 770, 784 (U.S. 2011); *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013)**. A state court decision will be reasonable if objective minds could differ over its correctness. *Id.* However, the fact that the deficient performance complained of involves only issues of state law does not preclude a federal court's review of the *Strickland* issue, even though the federal court must defer to the state court's determinations of the underlying state law. ***Shaw*, 721 F.3d at 914**.

An unsuccessful strategy is not proof that an attorney violated the *Strickland* standard, provided the lawyer's strategic decisions fell within a "wide range of reasonable professional assistance." ***Stickland v. Washington*, 466 U.S. 668, 689 (1984); *Shaw v. Wilson*, 721**

F.3d 908, 914 (7th Cir. 2013). But, a decision will not be "strategic" when it is an uninformed decision. *Stitts v. Wilson*, 713 F.3d 887, 891 (7th Cir. 2013) (citing *Mosley v. Atchison*, 689 F.3d 838, 848 (7th Cir. 2012)). Attorneys have a duty to make a reasonable investigation into potential defenses or to make a reasonable decision that such an investigation is unnecessary. *Id.* at 892. Whether or not counsel performed an inadequate investigation and therefore turned in a deficient performance under *Strickland* is a fact-specific inquiry. *Id.*

In *Stitts*, the Seventh Circuit found that the state court's decision that counsel's performance met the first prong of Strickland was patently unreasonable because the petitioner in that case had provided an alibi—that he was in a crowded club— that many people could have potentially verified had his attorney conducted a proper investigation. 713 F.3d at 893. The situation here is analogous. All accounts of the scene of the crime indicate that there were approximately a dozen people present. Petitioner had identified three people by name who would have contradicted the testimony of the state's witnesses by testifying that he wasn't the shooter. He also claimed to have been with his brother at the time of the murder, and that his mother dropped him off there. Under questioning, Petitioner's trial counsel admitted that he had only spoken to one potential alibi witness, Petitioner's brother Shaun Kyles. He indicated he could not locate the other eyewitnesses and did not pursue the investigation further. Those eyewitnesses were not "available" to trial counsel to call. His testimony is that he did not know what they would have said because he was unable to locate them. It was incumbent upon counsel to conduct an adequate investigation into some of the witnesses present at the crime.

Neither the appellate court nor the trial court considered whether trial counsel adequately investigated the proposed alibi witnesses. In their Rule 23 decision on direct appeal, the Illinois Appellate Court framed the issue as one about counsel's strategic decision regarding witnesses. On post-conviction appeal, the trial court considered the *Strickland* issue broadly. While

10

the opinion is lacking in particulars, it again notes, without discussing, that other witnesses could not be found.    Had the Illinois state courts decided the *Strickland* issue on the deficient performance prong alone, this would have been an unreasonable application of *Strickland* under *Stitts* because it failed to consider the adequate investigation angle of Petitioner's claims.

However, state court's decision as to the prejudice prong is a reasonable application of *Strickland*.  Petitioner was required to show that a substantial difference in the result of his trial was reasonably likely but for his trial counsel's errors.  **Harrington v. Richter, 131 S.Ct 770, 791-92 (U.S. 2011)**.   Petitioner's initial airing of the *Strickland* issue occurred at an odd procedural moment— his sentencing hearing while still represented by trial counsel.  Petitioner did not present any evidence of what his proposed witnesses would say at that hearing, nor did he do so throughout the direct appeal process.   Accordingly, the appellate court found that it could not make a determination "whether the proposed witnesses could have provided any information or testimony favorable to defendant." (Doc. 21-1, p. 3).   Petitioner was able to secure his mother's affidavit prior to his post-conviction appeal, but did not secure affidavits or testimony from any of his other proposed witnesses.  Plaintiff's mother's affidavit does not conclusively establish an alibi for the time of the murder.  Therefore, the trial court considering post-conviction relief concluded that Petitioner did not show that he suffered any prejudice at trial because it was not likely that the mother's affidavit alone would have caused a different result.

For a court to make a determination of prejudice on a failure to investigate claim, the petitioner must submit evidence of what the witnesses' testimony would have been at trial.  **Brunt v. McAdory, 65 Fed. Appx. 59, 62 (7th Cir. 2003) ("[Petitioner's] post-conviction petition was devoid of any information regarding what testimony the alibi witnesses would have given had they been called at trial.  Without that information, [Petitioner] could not show either that counsel's failure to investigate the witnesses  constituted deficient performance or that**

11

it prejudiced his case in any way.")**.  "The focus of the inquiry into prejudice must be on what information would have been obtained from such an investigation and whether such information would have produced a different result. . . . [I]t is incumbent on the petitioner to . . . demonstrate, with some precision, the content of the testimony [the witnesses] would have given a trial." ***U.S. ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987)**.   Without such evidence, a court cannot adequately assess counsel's performance under *Strickland*.  ***Id. See also Magee v. Smith*, 403 F.App'x 84, 86 (7th Cir. 2010) ("The prejudice prong requires something more than speculation. . .").**

> Unlike the case in *Stitts*, Petitioner here has not submitted affidavits from his proposed witnesses, other than his mother's affidavit.  There, the court found that the affidavits which petitioner submitted, which both attested that he was somewhere else at the time of the murder, created prejudice because they would have created dueling eyewitness accounts at trial. ***Stitts v. Wilson*, 713 F.3d 887, 894 (7th Cir. 2013)**.   Although Petitioner has alleged that the other witnesses would testify that he was not the shooter, he never submitted any affidavits or other evidence to the state court on this point.  He alleged that his trial counsel should have subpoenaed his brother, but did not submit his brother's affidavit to show that his brother would have testified that Petitioner was with him at the time of the shooting.  The only evidence he submitted was his mother's affidavit, which stated that she dropped him off in St. Louis, Missouri the day prior to the shooting and picked him up there the day after.  The trial judge on post-conviction review found that this was not specific enough as to time to create a material alibi.  The state presented three eyewitnesses who identified Petitioner as the shooter.  The state court did not unreasonably apply the *Strickland* prejudice prong when it found that Petitioner's mother's affidavit did not show prejudice at trial when weighed against the eyewitness testimony presented.  It also was not unreasonable in finding that Petitioner suffered no prejudice with regards to his other proposed

witnesses because Petitioner did not submit any evidence on what their testimony would have been, which made it impossible for the state court to find that he had suffered prejudice.

### 2.   Illinois' Post-Conviction Remedy is Inadequate

Petitioner alleges that Illinois Post-Conviction remedy was inadequate because "it was conducted based on a standard contrary to Illinois law" and denied him due process.  In his "traverse" Petitioner lays out his argument a little more fully.  It appears to be that the appellate court violated Petitioner's rights when they applied the *Strickland* standard to his ineffective assistance of counsel claim.  This is effectively identical to Petitioner's first claim, and as such, mooted by the above discussion.

Even construing Petitioner's claim broadly, and finding that Petitioner's claim is really challenging the procedures used by the Illinois courts, the undersigned agrees with the State that such claims are not cognizable on habeas relief.  ***Jones v. Theiret*, 846 F.2d 457, 459 (7th Cir. 1988) (finding that a state court's application of its own laws does not state a cognizable claim on habeas review); *U.S. ex. rel. Anderson v. Hardy*, 779 F.Supp.2d 816, 825 (N.D. 2011); *Benford v. Cahill-Masching*, No. 03 C 2643, 2004 WL 1510022 at \*3 (N.D. Ill. July 2, 2004)**.  The states are not constitutionally required to provide appellate review to any defendant, and there is no independent constitutional right to an appeal.  ***Abney v. U.S.*, 431 U.S. 651, 656 (1977); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)**.  Furthermore, other than bare conclusory statements, Petitioner has not stated which part of the procedure he takes issue with.  For those reasons, the undersigned rejects Petitioner's claims that anything about the Illinois appellate procedures presents a cognizable habeas claim.

Because it fails to raise any constitutional or federal law grounds for relief, the undersigned **RECOMMENDS** McMath's petition be **DENIED**.

### IV.   <u>Certificate of Appealability</u>

The district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.  **Rule 11(a), RULES GOVERNING SECTION 2254 CASES.**  A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right."  **28 U.S.C. § 2253(c)(2).**  When the court denies a petitioner's § 2254 petition on the merits and not merely for procedural reasons, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  ***Slack v. McDaniel*, 529 U.S. 473, 484 (2000).**  Here, reasonable jurists may debate the disposition of Petitioner's claims of ineffective assistance of counsel for failure to call three eyewitnesses and two alibi witnesses.  The undersigned **RECOMMENDS** that the Court **GRANT** a COA to that issue only.

## V.   Conclusion

For the reasons discussed above, the undersigned **RECOMMENDS** that Petitioner Lequize McMath's  § 2254 Petition for Writ of Habeas Corpus (**Doc. 1**) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).  Objections to this Report and Recommendation must be filed on or before February 18, 2014.**

**IT IS SO RECOMMENDED.**

**DATE: January 29, 2014**                    /s/    *Stephen C. Williams*
                                                                      **STEPHEN C. WILLIAMS**
                                                                      United States Magistrate Judge